**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lucinda DARRAH, Defendant–**
**Appellant.**

**No. 15–1116.**

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2015.

Before: MERRITT, DAUGHTREY,
and GRIFFIN, Circuit Judges.

MERRITT, Circuit Judge.

Defendant Lucinda Darrah was convicted of violating federal postal regulation 39 C.F.R. § 232.1(e),[1] which governs conduct on postal property. Violation of the regulation is a misdemeanor punishable by a fine and imprisonment for up to 30 days. 18 U.S.C. § 3061(c)(4)(B). Defendant was distributing campaign literature outside a

---

1. 39 C.F.R. § 232.1(e) states:
   Disturbances. Disorderly conduct, or conduct which creates loud and unusual noise, or which impedes ingress to or egress from post offices, or otherwise obstructs the usual use of entrances, foyers, corridors, offices, elevators, stairways, and parking lots, or which otherwise tends to impede or disturb the public employees in the performance of their duties, or which otherwise impedes or disturbs the general public in transacting business or obtaining the services provided on property, is prohibited.

Detroit post office late one evening after the post office had closed for the day. Postal police officers approached her and asked her to stop. After questioning the officers about her rights, she was arrested and charged with two violations of postal regulations: "depositing literature" on a sidewalk outside the post office and disorderly conduct. She was acquitted of the charge for "depositing literature" but convicted of disorderly conduct for impeding a postal police officer from entering the post office and ordered to pay a $50 fine and a $25 processing fee. Defendant appeals the conviction for disorderly conduct. Because the evidence does not support the conviction, we reverse the judgment of the district court.

## I.

Defendant parked her car in a handicapped parking spot outside a Detroit post office around 10:30 p.m. on Thursday, July 11, 2013, and began to pass out campaign fliers near the employee entrance to the post office. The post office was not open to the public at that late hour, but postal employees were on the premises, including on-duty postal police officers Paul White and Christopher Taliferro. The postal officers informed defendant that she was not permitted to pass out literature on postal property and told her she must move her car from the handicapped spot because she did not have the required tags. When defendant did not immediately comply, Officer Taliferro called postal officer Sergeant Rhonda Fudge for assistance. Officer White testified that defendant became "a little combative" and "erratic" when they would not allow her to pass out her campaign fliers. After five or ten minutes, defendant moved her car to a legal parking spot across the street.

Defendant returned to the post office ten minutes later and approached Officer Taliferro who was returning equipment from his patrol car to the post office. Defendant questioned him about postal rules and regulations. Defendant resumed handing out literature in the same location and handed a flyer to postal officer Sergeant Fudge. Sergeant Fudge reiterated to defendant that she could not hand out her literature and she could not "impede" the doors to the post office. Sergeant Fudge testified that she tried to tell defendant where she could hand out flyers and pointed to the area, whereupon defendant "threw up her hands in kind of an irate manner," possibly making slight contact with Sergeant Fudge. Sergeant Fudge then issued defendant two tickets: one for disorderly conduct and one for depositing literature on postal grounds. The disorderly conduct ticket stated:

I was first informed by Officers Taliaferro [sic] and White that Ms. Darrah refused to move her vehicle from the GWY Postal Customer Lot ... and she was passing out literature @ the employee's entrance of the [post office]. I tried to explain to Ms. Darrah, she became disorderly and was issued 2 federal violations.

A bench trial ensued, presided over by a magistrate judge. At trial, Sergeant Fudge elaborated on the conduct described in the disorderly conduct ticket, explaining that she issued it because defendant "impeded the officer that [sic] was trying to bring in his shotgun into the building" and because "she became ... somewhat disorderly with me because I was trying to help Ms. Darrah and ... she refused to follow our instruction and she became somewhat agitated." Tr. Trans. at 70. In an oral ruling, the magistrate judge found defendant not guilty of depositing literature on post office property and guilty of disorderly conduct. The magistrate judge explained that the guilty verdict was based

on three grounds: (1) defendant's "physical conduct" with Sergeant Fudge; (2) defendant's "becoming agitated" when the officers tried to explain the regulations to her: and (3) defendant's impeding Officer Taliferro from entering the post office. Tr. Trans. at 98. Defendant appealed her conviction to the district court.

The district court judge reviewed the magistrate judge's decision and affirmed defendant's conviction for disorderly conduct, but only on the ground that defendant blocked Officer Taliferro's "direct access" to the post office. *United States v. Darrah*, No. 13–51423, 2015 WL 403903, at *4 (E.D.Mich. Jan. 22, 2015). The district court judge found insufficient evidence to support the other two grounds relied on by the magistrate judge, concluding that defendant did not make physical contact with Sergeant Fudge and that she was not disorderly when the officers were explaining the regulations to her. Defendant now appeals the disorderly conduct conviction to our Court.

## II.

Pursuant to 39 C.F.R. § 232.1(e), the postal regulation under which defendant was charged, disorderly conduct requires some conduct that "disturbs or impedes the general public or the postal employees in transacting business." *United States v. Waites*, 198 F.3d 1123, 1128 (9th Cir.2000). The only question on appeal in this case is whether the defendant blocked the employee entrance to the building so that she temporarily prevented Officer Taliferro's entry. The evidence does not demonstrate that defendant impeded in any meaningful way Officer Taliferro from entering the building to return his equipment.

"Disorderly conduct" that violates the postal regulations prohibits conduct on postal property that interferes with or impedes normal and orderly government business on that property. Although Officer Taliferro did not testify at trial, it appears from the testimony of the other officers that Officer Taliferro could have easily ignored defendant by walking by or around her and into the building. Instead, it appears that he voluntarily chose to stop or slow down and engage her in discussion for a few moments to answer questions she directed at him. There is no testimony that she touched him or otherwise physically maneuvered herself with the intent to block his entry into the building. The testimony by Officer White and Sergeant Fudge, while using the word "blocking" to describe defendant's conduct, does not indicate any intentional maneuvers or physical contact that would have seriously impeded Officer Taliferro's entry into the building. In addition, although the record does not indicate the amount of time she stood between him and the door, it appears to have been a very brief interruption during which they conversed.

Defendant was the sole person standing in or near the post office employee entrance at 10:30 p.m., well after normal business hours. Obviously, she was not part of an unruly mob nor were there a number of persons gathering late at night near the entrance. We do not hold that impeding the entry to the post office can never rise to the level of disorderly conduct that would warrant a conviction under the postal regulation, but defendant's actions here do not rise to that level.

We therefore reverse the judgment of the district court.

GRIFFIN, Circuit Judge, dissenting.

Because the magistrate judge did not clearly err in her factual finding that defendant Darrah engaged in conduct that impeded access to the post office, I would not reverse the district court on that ground, and therefore respectfully dissent.

Darrah challenges the sufficiency of the evidence supporting her conviction for disorderly conduct in violation of 39 C.F.R. § 232.1(e). We review her claim by examining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[W]hen a defendant is convicted after a bench trial, the test is 'whether the evidence is sufficient to justify the trial judge, as trier of facts, in concluding beyond a reasonable doubt that the defendant was guilty.'" *United States v. Bashaw,* 982 F.2d 168, 171 (6th Cir.1992) (citation omitted). "We must resolve all conflicts in the testimony in the government's favor and draw every reasonable inference from the evidence in favor of the government." *Id.* "Specific findings of the trial court are reviewable under the 'clearly erroneous' standard." *Id.*

Viewing the evidence in the light most favorable to the government, the magistrate judge did not clearly err in her factual finding that Darrah engaged in conduct that impeded ingress to or egress from a post office. Regrettably, the majority opinion does not acknowledge, nor constrain itself to, the decidedly deferential standard of review that we must apply in this appeal. Moreover, the majority elevates the offense standard in 39 C.F.R. § 232.1(e) from "impede" to "seriously impede[ ]" by "intentional maneuvers or physical contact" the employee's attempted entrance into the post office.

At trial, two witnesses testified that Darrah impeded postal police officer Christopher Taliferro from entering the post office. The first was Officer Paul White. He testified as follows:

Q: And what happened when [Darrah] approached Officer Taliferro?

A: Officer Taliferro was bringing his equipment out of the patrol vehicle and he was stopped by her and she was asking him about the situation.

\* \* \*

Q: And was he slowed down in any way by Ms. Darrah?

A: Yes, he was.

Q: Did she block him from going into the entrance?

A: Yeah, she was—she was blocking his—his direct access to the building.

The second witness was Sergeant Rhonda Fudge. She testified that she warned Darrah that she could not impede the post office doors. Sergeant Fudge also testified that she issued the disorderly conduct because Darrah "impeded" Officer Taliferro from entering the post office:

Q: Sergeant Fudge, just so I'm clear, what did you write the disorderly conduct ticket for?

A: Well, she—Ms. Darrah, she impeded the officer that was trying to bring in his shotgun into the building. . . .

The magistrate judge observed that both witnesses "testified consistently that defendant impeded Officer Taliferro from entering the post office." The magistrate judge then concluded that the government had established beyond a reasonable doubt that Darrah "engaged in conduct which impedes ingress to or egress from a post office" as set forth in 39 C.F.R. § 232.1(e), and convicted Darrah of disorderly conduct. On appeal, the district judge affirmed the conviction over Darrah's challenge to the sufficiency of the evidence.

Viewing this evidence in the government's favor, the magistrate judge did not clearly err. I would not reverse the dis-

394

trict court on the ground that the evidence was insufficient.